**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

| | | |
|---|---|---|
| **ROY LEON COOPER,** | ) | |
| | ) | |
| **Movant,** | ) | |
| **v.** | ) | **Civil Action No. 5:12-02613** |
| | ) | **Criminal Action No. 5:10-00228** |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court is Movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody.[1] (Document No. 70.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 72.)

**FACTUAL BACKGROUND**

On January 13, 2011, Movant pled guilty to a two count Information charging him with one count of Bank Fraud in violation of 18 U.S.C. §§ 1344 and 2 (Count One), and one count of Tax Evasion in violation of 26 U.S.C. § 7201 (Count Two). (Criminal Action No. 5:10-00228, Document Nos. 9 - 12.) A Presentence Investigation Report was prepared. (Id., Document No. 34.) The District Court determined that Movant had a Base Offense Level of 7, and a Total Offense Level of 24, the Court having applied the following: (1) a sixteen-level enhancement pursuant to U.S.S.G. § 2B1.1(b)(1)(I) due to an aggregate loss of more than $1,000,000 but less than $2,500,000; (2) a two-level enhancement pursuant to U.S.S.G. § 2B1.1(b)(9)(C) because the offense involved sophisticated

---

[1] Because Movant is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

means; (3) a two-level enhancement pursuant to U.S.S.G. § 3B1.3 because Movant abused his position of trust; and (4) a three-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a) and (b). (Id., pp. 17 - 18.) The District Court sentenced Movant on September 21, 2011, to serve a 51-month term of incarceration to be followed by a three-year term of supervised release. (Id., Document Nos. 31 and 32.) The District Court also imposed a $200 special assessment and directed Movant to pay $2,057,630.31 in restitution. (Id.) Movant did not appeal his conviction or sentence to the Fourth Circuit Court of Appeals.

On July 5, 2012, Movant, acting *pro se*, filed his instant Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody and Memorandum in Support. (Civil No. 5:12-02613, Document No. 70.) As grounds for *habeas* relief, Movant alleges that trial counsel was ineffective based upon the following: (1) allowing Movant to enter an unknowing and unintelligent plea; and (2) failing to challenge Movant's sixteen-level sentencing enhancement. (Id.)

## DISCUSSION

The relevant portion of Section 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

A motion made pursuant to Section 2255 is a collateral attack on a conviction or sentence. To succeed on a Section 2255 motion, the movant must prove that "his sentence or conviction was imposed in violation of the Constitution or law of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack." 28 U.S.C. § 2255. "A motion

2

collaterally attacking a petitioner's sentence brought pursuant to § 2255 requires the petitioner to establish his grounds by a preponderance of the evidence." Sutton v. United States, 2006 WL 36859, * 2 (E.D.Va. Jan. 4, 2006).

The filing of a Section 2255 motion does not supplant or obviate the need to file a direct appeal. Sunal v. Large, 332 U.S. 174, 67 S.Ct. 1588, 91 L.Ed. 1982 (1947). The United States Supreme Court explains that "a final judgment commands respect. For this reason, we have long and consistently affirmed that a collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165, 102 S.Ct. 1584, 1593, 71 L.Ed.2d 816 (1982). A non-constitutional claim that could have been, but was not, raised on direct appeal may not be raised for the first time in a Section 2255 motion. Stone v. Powell, 428 U.S. 465, 478 fn. 10, 96 S.Ct. 3037, 3044 fn. 10, 49 L.Ed.2d 1067 (1976). A constitutional claim that could have been, but was not, raised on direct appeal may not be raised for the first time in a Section 2255 motion unless the movant can show either (1) "cause and actual prejudice resulting from the errors of which he complains," or (2) "he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack." United States v. Mikalajunas, 186 F.3d 490, 492-93 (4th Cir. 1999). "The existence of cause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." Id. at 493. Actual prejudice is shown by demonstrating that the error worked to movant's "actual and substantial disadvantage," rather than just creating a possibility of prejudice. See Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997)(quoting Murray v. Carrier, 477 U.S. 478, 494, 106 S.Ct. 2639, 2648, 91 L.Ed.2d 397 (1986)). "In order to demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack, a movant must show actual innocence by clear and convincing evidence. Mikalajunas, 186 F.3d at 493. "Typically, to establish actual innocence, a petitioner must

3

demonstrate actual factual innocence of the offense of conviction, i.e., that petitioner did not commit the crime of which he was convicted; this standard is not satisfied by a showing that a petitioner is legally, but not factually, innocent. Id. at 494. The movant must show that "it is more likely than not that no reasonable juror would have convicted him." Schlup v. Delo, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). Furthermore, a movant may not reassert a claim decided on direct review. In Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir.)(per curiam), cert. denied, 429 U.S. 863, 97 S.Ct. 169, 50 L.Ed.2d 142 (1976), the Court held that a defendant "will not be allowed to recast, under the guise of a collateral attack, questions fully considered [on appeal]." An exception exists, however, when there has been an intervening change in the law which justifies consideration of a prior determination. See Davis v. United States, 417 U.S. 333, 342, 94 S.Ct. 2298, 2303, 41 L.Ed.2d 109 (1974).

1.      **Ineffective Assistance of Counsel:**

Indigent criminal defendants have the constitutional right to effective assistance of counsel through direct appeal. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) When a movant claims ineffective assistance of counsel as a basis for seeking relief under Section 2255, the burden is on the movant to prove that his trial attorney failed to render effective assistance. Strickland v. Washington, 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984). In Strickland, the Court adopted a two-pronged test for determining whether a defendant received adequate assistance of counsel. Id. The first prong is competence. The movant must show that the representation fell below an objective standard of reasonableness. Strickland, 466 U.S. at 687 - 691, 104 S.Ct. at 2064 - 2066. There is a strong presumption that the conduct of counsel was in the wide range of what is considered reasonable professional assistance, and a reviewing Court must be highly deferential in scrutinizing the performance of counsel. Strickland, 466 U.S. at 688-89, 104 S.Ct. at

4

2065 - 2066.

> A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. . .. [C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

Strickland, 460 U.S. at 690, 104 S.Ct. at 2066. The Court will not second-guess an attorney's tactical decisions unless they appear unreasonable in view of all of the circumstances. Goodson v. United States, 564 F.2d 1071, 1072 (4th Cir. 1977). The second prong is prejudice. The movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694, 104 S.Ct. at 2068; Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985). An attorney's mere mistake, ignorance or inadvertence does not suffice for proof of ineffective assistance. Murray v. Carrier, 477 U.S. 478, 106 S. Ct. 2639, 2645-46, 91 L.Ed.2d 397 (1986)("So long as a defendant is represented by counsel whose performance is not constitutionally ineffective under the standard established in Strickland v. Washington, . . . we discern no inequity in requiring him to bear the risk of attorney error that results in a procedural default.") The movant must therefore show (1) that his attorney's performance was constitutionally inadequate, i.e., that he committed errors so serious that his performance "fell below an objective standard of reasonableness" and (2) that his attorney's performance prejudiced him such that it rendered the proceeding fundamentally unfair or made the result unreliable. Strickland, 466 U.S. at 687 - 88, 104 S.Ct. at 2064 - 2065; Fitzgerald v. Thompson, 943 F.2d. 463 (4th Cir. 1991), cert. denied, 502 U.S. 1112, 112 S.Ct. 1219, 117 L.Ed.2d 456 (1992).

5

### A.    Counsel's alleged ineffectiveness regarding the plea.

In his Motion, Movant contends that counsel acted ineffectively by allowing Movant to enter into an unknowing or involuntary plea. (Civil Action No. 5:12-02613, Document No. 70.) Specifically, Movant alleges that trial counsel "failed to adequately assist his client and insure that he understood exactly what he was admitting to when he agreed to sign his plea." (Id., p. 1.) Movant contends that he "unwittingly allowed himself to be included as a participant in a scheme to defraud United Bank, a scheme in which he had no knowledge of or received any monetary or other gain." (Id.) Movant claims that even though he "assisted in the construction loans that were approved for Mr. Carter's sub-division homes, [he] should not be held accountable for transactions that took place three months after he was not affiliated with the United Bank's operation." (Id.) Movant further notes that the "IRS was not able to tie Mr. Cooper to any wrong doing." (Id., p. 2.) Movant states that "[a] reasonable federal attorney would have advocated a favorable outcome for petitioner based on the evidence." (Id.)

A guilty plea must be "a voluntary and intelligent choice among the alternative courses of action open to the defendant." North Carolina v. Alford, 400 U.S. 25, 31, 91 S.Ct. 160, 27 L.Ed. 2d 162 (1970). "It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." Once a criminal defendant has pled guilty, collateral review is limited to an examination of "whether the underlying plea was both counseled and voluntary." United States v. Broce, 488 U.S. 563, 569, 109 S. Ct. 757, 102 L.Ed.2d 927 (1989); see also Fields v. Attorney General of State of Md., 956 F.2d 1290, 1294 - 95 (4th Cir. 1992). A guilty plea will be deemed involuntary if it is entered without knowledge of material information withheld by the prosecution. See for example Sanchez v. United States, 50 F.3d 1448, 1453 (9th Cir. 1995)(A defendant challenging the voluntariness of a guilty plea

may assert a claim under <u>Brady</u> that the prosecution withheld evidence favorable to the defendant and material to guilt or punishment when defendant requested it.).

Based upon a review of the record, the undersigned finds no evidence supporting Movant's claim that he entered into an unknowing or involuntary plea agreement. The record in this case, however, reflects that Movant's guilty plea was voluntary and made with full knowledge of its consequences. The written plea agreement provided that "Mr. Cooper will plead guilty to a violation of 18 U.S.C. § 1344 (bank fraud) and 26 U.S.C. § 7201 (tax evasion) as charged in said information." (Criminal No. 5:10-00228, Document No. 12, p. 1.) In Paragraph 12 of the written plea agreement, the United States and Movant stipulated and agreed "that the facts comprising the offenses of conviction and relevant conduct included the facts outlined in the 'Stipulation of Facts,'" which was attached as Exhibit B. (<u>Id.</u>, pp. 6, 20 - 23.) The written plea agreement spelled out the maximum sentence to which Movant was subject by virtue of his plea. (<u>Id.</u>, pp. 1 - 3.) The plea agreement further stated at Paragraph 17 that "[t]he matter of sentencing is within the sole discretion of the Court. The United States has made no representations or promises as to the specific sentence." (<u>Id.</u>, p. 9.)

During the Plea Hearing, the District Court thoroughly questioned Movant regarding whether his decision to pled guilty was made knowingly. (<u>Id.</u>, Document No. 89.) Following the United States' summary of the Plea Agreement, the District Court questioned Movant as follows:

THE COURT:          Mr. Cooper, do you understand what the agreement does?

THE DEFENDANT: Yes, I do.

THE COURT:          And do you understand what it requires of you?

THE DEFENDANT: Yes, Your Honor.

THE COURT:          Are those, in fact, Mr. Cooper, your initials on the first ten

|  | pages of the agreement? |
|---|---|
| THE DEFENDANT: | Yes, they are, Your Honor. |
| THE COURT: | Is that your signature on the last page, or Page 11, of the agreement? |
| THE DEFENDANT: | Yes, Your Honor. |
| THE COURT: | And is that also your, your signature on the last page of the stipulation which has been labeled Plea Agreement Exhibit B? |
| THE DEFENDANT: | Yes, Your Honor. |
| THE COURT: | Were each of the paragraphs of the agreement discussed with you prior to reaching an agreement with the Government? |
| THE DEFENDANT: | Yes, Your Honor. |

(Id., pp. 15 - 16.) The District Court thoroughly explained the nature of each charge against Movant.

(Id., pp. 17 - 22.) In Response, Movant acknowledged that he was guilty and stated a factual basis

for each charge. (Id.) Additionally, the District Court thoroughly questioned Movant regarding

whether his decision to pled guilty was voluntary. Specifically, the District Court questioned Movant

as follows:

| THE COURT: | Has anyone tried to force, coerce, intimidate, put pressure on you, or talk you into pleading guilty against your will, Mr. Cooper? |
|---|---|
| THE DEFENDANT: | No, Your Honor. |
| THE COURT: | Other than this plea agreement, has anyone promised you anything or told you anything different than what I've said to you this afternoon to induce you to plead guilty? |
| THE DEFENDANT: | No, Your Honor. |
| THE COURT: | Are you pleading guilty of your own free will? |
| THE DEFENDANT: | Yes, I am. I'm pleading guilty of my own free will. |

8

THE COURT:          And was pleading guilty your own idea?

THE DEFENDANT:  Yes, Your Honor.

(Id., p. 40.) The District Court concluded that Movant's plea was voluntary and was not the result of any promises or threats. (Id., pp. 40 - 41.) Finally, Movant affirmed that he was "completely satisfied" with representation from defense counsel. (Id., pp. 5 - 6.) Nothing in the record indicates that Movant's plea was made unknowingly or involuntarily. Accordingly, Movant's allegation that his plea was entered into unknowingly or involuntarily due to ineffective assistance of counsel is without merit.

**B.      Counsel's failure to object to sentencing enhancements.**

Movant argues that trial counsel was ineffective by failing to challenge his sixteen-level enhancement pursuant to U.S.S.G. § 2B1.1(b)(1)(I). (Civil Action No. 5:12-02613, Document No. 70, p. 4.) Movant explains that trial counsel failed to argue that the tax loss was less than $80,000. (Id.) Movant states that "[c]ounsel erred in allowing the court to calculate tax loss for purposes of sentencing by not subtracting from the amount of the loss any deductions that could have been claimed had Mr. Cooper filed." (Id.) Movant asserts that "[c]ounsel allowed several errors with regard to computing the tax loss for purpose of sentencing based upon a finding that Mr. Cooper caused a total loss of $1,957,630.31." (Id.) Movant explains that he was prejudiced by trial counsel's actions because the tax loss calculation "resulted in a sixteen-level increase of petitioner's offense level." (Id., p. 5.)

Based upon a review of the record, the undersigned finds that trial counsel was not ineffective in failing challenge Movant's sixteen-level enhancement pursuant to U.S.S.G. § 2B1.1(b)(1)(I). As stated above, the record in this case reflects that Movant's guilty plea was voluntary and made with full knowledge of its consequences. In his Plea Agreement, Movant agreed to a Base Offense Level

of 7, a sixteen-level enhancement pursuant to U.S.S.G. § 2B1.1 for "loss between $1 - 2.5 million," a two-level enhancement pursuant to U.S.S.G. § 2B1.1(b) because the offense involved sophisticated means, a two-level enhancement pursuant to U.S.S.G. § 3B1.3 for abuse of a position of trust, and a two-level enhancement pursuant to U.S.S.G. § 2T1.1 for more than $10,000 derived from criminal activity. (Criminal Action No. 5:10-00228, Document No. 12, pp. 7 - 8.) During the Plea Hearing, Movant acknowledged that he understood the Sentencing Guidelines and that he was agreeing to sentencing enhancements contained in the Plea Agreement. (Id., Document No. 39, pp. 13 - 16, 32 - 33.) Movant further agreed to the Stipulation of Facts attached to the Plea Agreement wherein he acknowledged that he and other coconspirators derived $1,957,630.31 in gross proceeds by means of bank fraud concerning Count One. (Id., Document No. 12, pp. 20 - 21.) The Plea Agreement, however, provided that the parties did not agree as to the amount of tax loss under U.S.S.G. § 2T4.1 concerning Count Two. (Id., p. 8.) Specifically, the Plea Agreement stated as follows: "The United States asserts that the tax loss is greater than $80,000 but less than $200,000, resulting in a 16 point enhancement. Defendant reserves the right to argue the tax loss is less than $80,000." (Id.) Although it does not appear that trial counsel argued that the tax loss was less than $80,000, the undersigned finds Movant was not prejudiced. The record reveals that the District Court imposed the sixteen-level enhancement pursuant to U.S.S.G. § 2B1.1(b)(1)(I) because the aggregate loss was "$2,190,526.36 [$2,057,630.31 (Count One) + $132,896.05 (Count Two)]."(Id., Document No. 34, p. 17, ¶ 60.) U.S.S.G. § 2B1.1(b)(1)(I) provides for a sixteen-level enhancement if the loss is more than $1,000,000 but less than $2,500,000. Although Movant argues that trial counsel should have objected to the calculation of a tax loss of $132,896.05 as to Count Two, Movant does not dispute the

10

calculation of a total loss of $2,057,630.31[2] attributed to Count One. Thus, the total loss as Count One ($2,057,630.31) satisfied the requirement for the application of the sixteen-level enhancement pursuant to U.S.S.G. § 2B1.1(b)(1)(I). Accordingly, trial counsel's failure to object to the tax loss amount did not result in the application of the of the sixteen-level sentencing enhancement. Clearly, the sixteen-level enhancement was appropriately applied by the District Court. Accordingly, Movant's above claim of ineffective assistance of counsel is without merit. See United States v. Kilmer, 167 F.3d 889, 893 (5th Cir. 1999)(stating that "[a]n attorney's failure to raise a meritless argument . . . cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue"); Moore v. United States, 934 F.Supp. 724, 731 (E.D.Va. 1996)(holding that "there can be no claim of ineffective assistance where, as here, counsel is alleged to have failed to raise a meritless argument").

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY** Movant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Document No. 70.) and **REMOVE** this matter from the Court's docket.

Movant is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to

---

[2] In the Stipulation of Facts attached to the Plea Agreement, Movant acknowledged that he and other co-conspirators derived $1,957,630.31 in gross proceeds by means of bank fraud concerning Count One. (Criminal Action No. 5:10-00228, Document No. 12, p. 21.) Following submission of the Presentence Report, the District Court determined that Movant misappropriated $100,000 in regard to the Hosch loans. Accordingly, the total loss attributed to Movant concerning Count One was $2,057,630.31. (*Id.*, Document No. 34, p. 10, ¶ 29.)

the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, Movant shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Movant, who is acting *pro se*, and counsel of record.

Date: April 21, 2015.

R. Clarke VanDervort
United States Magistrate Judge